STATE OF MAINE                              UNIFIED CRIMINAL DOCKET
WASHINGTON, ss.                             MACHIAS
                                            DOCKET NO. CD-CR-22-20080


STATE OF MAINE


v.                                          **ORDER ON MOTION FOR CHANGE**
                                            **OF VENUE**


GREGORY FULLER,
        Defendant


        Defendant's matter is on the trial list for possible jury selection in September and jury trial in October of this year. On 8/8/22 Defendant filed a Motion For Change of Venue. For the reasons stated below the Motion For Change of Venue is **denied**:

**Issue Presented:**

        1.   Defendant, a person of color, is facing trial in Washington County, which is predominately white. He argues that a fair and impartial jury of his peers cannot be drawn from Washington County due to its racial composition, and thus is seeking a change of venue.

        2.   Defendant is not entitled to a change of venue based on the demographics of Washington County, alone. Defendant does not have a right to a jury of any particular composition, including a jury that is partly or entirely composed of jurors of his own race.

        3.   Defendant is entitled to a jury selection process that: (1) does not systematically exclude any distinctive group from the venire, and (2) adequately probes jurors' racial biases.

        4.   The Sixth Amendment to the United States Constitution guarantees that a defendant in a criminal case has the right to a "trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI; *see also State v. Thomas*, 2022 ME 27, ¶ 27, 274 A.3d 356. The United States Supreme Court and the Law Court have held that the jury must be a selected from a "fair cross section of the community." *Taylor v. Louisiana*, 419 U.S. 522, 527 (1975); *Thomas*, 2022 ME 27, ¶ 27, 274 A.3d 356.

        5.   To establish a violation of a defendant's right to a jury drawn from a "fair cross section" of the community, the defendant has the burden to show:

(1) the group alleged to be excluded is a "distinctive" group in the community;
(2) the representation of this group in jury pools from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and
(3) this underrepresentation is due to systematic exclusion of the group in the jury selection process.

*Thomas*, 2022 ME 27, ¶ 28, 274 A.3d 356 (citing *Duren v. Missouri*, 439 U.S. 357, 364, (1979).

6. A defendant is also entitled to a jury selection process that adequately probes jurors' racial biases. *State v. Fleming*, 2020 ME 120, ¶ 24, 239 A.3d 648 ("Given the lack of any questions that directly addressed Fleming's concerns about the jurors' contact with or opinions about people who are African American or Black, the voir dire process was not 'sufficient to disclose facts that would reveal juror bias.'" (quoting *State v. Lowry*, 2003 ME 38, ¶ 11, 819 A.2d 331)).

7. However, a defendant is not entitled to a jury of "any particular composition." *Taylor*, 419 U.S. at 538; *Thomas*, 2022 ME 27, ¶ 27, 274 A.3d 356. In *State v. Pritchett*, 302 A.2d 101 (Me. 1973), the defendant, who was black, brought a motion for change of venue on the grounds that it was impossible for a jury of his peers to be selected in Androscoggin County, which was predominately white. The Law Court stated simply: "This statement presupposes that the defendant is constitutionally entitled to be tried by a jury composed partly if not entirely of members of his race. That is not the law." *Id.* at 103.

8. Defense counsel argues that a change of venue is in order because a fair and impartial jury of Defendant's peers cannot be selected in Washington County. Defendant's case is on the trial list, but the venire has not yet been summoned.

9. Defense counsel cites *State v. Beckus*, 229 A.2d 316 (Me. 1967), and *State v. Saucier*, 2001 ME 107, ¶ 15, 776 A.2d 621, in support of the motion. *Beckus* did not deal with racial bias or demographics of the venire. *Id.* at 319. The only issue was pretrial publicity. *Id.* The defendant was charged with murder of a State Trooper committed in a small town in York County. *Id.* at 317. The facts were heavily publicized before trial, and there were statewide fundraisers for the victim's family. *Id.* at 317, 319. The Law Court nonetheless held that the trial court properly denied the motion to change venue for failure to show actual prejudice. *Id.* at 320. This case is, therefore, not on point.

10. Nor is *Saucier* on point. *Saucier* also dealt with pretrial prejudice. 2001 ME 107, ¶ 14, 776 A.2d 621. *Saucier* stands for the proposition that a motion for change of venue on grounds of pretrial publicity should be granted upon a showing of either presumed prejudice or actual prejudice. *Id.*

11. Because no venire has been summoned, Defendant cannot yet show a violation of his right to jury drawn from a fair cross section of the community. *See Thomas*, 2022 ME 27, ¶ 28, 274 A.3d 356. Defendant is not entitled to a jury composed of members of his own race, and he is not entitled to a change of venue on these grounds at this stage. *See Pritchett*, 302 A.2d at 103; *see also State v. Holland*, 2009 ME 72, ¶ 45, 976 A.2d 227.

2

12.    Of course, the Court must ensure that the jury selection process does not systematically exclude jurors of color. Random selection processes, as provided by Maine statutory law, will usually suffice. *Holland*, 2009 ME 72, ¶ 45, 976 A.2d 227. The Court must also, pursuant to *Fleming*, engage in a thorough voir dire process on racial bias issues to ensure the jurors who are ultimately are capable of being fair and impartial.

**Conclusion:**

For the foregoing reasons, Defendant's motion for change of venue is **denied.**

Date: 8/18/2022

BY _____

**Robert E. Mullen, Chief Justice**
**Maine Superior Court**

3